**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  scott@bursor.com
          ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS BRAVO, on Behalf of Himself and all Others Similarly Situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| ADVANCED CALL CENTER TECHNOLOGIES, LLC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

CLASS ACTION COMPLAINT

Plaintiff Luis Bravo ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

### NATURE OF THE ACTION

1.      Between November 27, 2015 and January 11, 2016, a span of 45 days, Defendant Advanced Call Center Technologies, LLC. or its agents called Mr. Bravo's cellular telephone at least 52 times using an automatic telephone dialing system and/or artificial or prerecorded voice without his prior express written consent.  Roughly a third of these harassing calls were placed prior to 9:00 a.m. in the morning, and several of the calls were placed before 8:00 a.m.  The following log illustrates each of the calls referenced above:

| Defendant's Phone Number | Time of Call |
|---|---|
| (866) 268-3371 | 11/27/15 at 9:58 AM |
| (866) 268-3371 | 11/28/15 at 8:20 AM |
| (866) 268-3371 | 11/28/15 at 11:06 AM |
| (866) 268-3371 | 11/29/15 at 11:13 AM |
| (866) 268-3371 | 11/29/15 at 5:07 PM |
| (866) 268-3371 | 11/30/15 at 9:07 AM |
| (866) 268-3371 | 11/30/15 at 10:59 AM |
| (866) 268-3371 | 12/01/15 at 09:06 AM |
| (866) 268-3371 | 12/02/15 at 08:38 AM |
| (866) 268-3371 | 12/02/15 at 10:28 AM |
| (866) 268-3371 | 12/03/15 at 8:32 AM |
| (866) 268-3371 | 12/03/15 at 10:27 AM |
| (877) 617-4177 | 12/07/15 at 8:29 AM |
| (877) 617-4177 | 12/07/15 at 10:39 AM |
| (877) 617-4177 | 12/08/15 at 8:24 AM |

| | |
|---|---|
| (877) 617-4177 | 12/08/15 at 9:59 AM |
| (877) 617-4177 | 12/09/15 at 8:22 AM |
| (877) 617-4177 | 12/09/15 at 10:22 AM |
| (877) 617-4177 | 12/10/15 at 8:22 AM |
| (877) 617-4177 | 12/10/15 at 9:56 AM |
| (866) 478-4757 | 12/18/15 at 10:11 AM |
| (866) 478-4757 | 12/19/15 at 9:34 AM |
| (866) 478-4757 | 12/19/15 at 2:53 PM |
| (866) 478-4757 | 12/20/15 at 11:16 AM |
| (866) 478-4757 | 12/21/15 at 9:22 AM |
| (866) 478-4757 | 12/21/15 at 11:08 AM |
| (866) 478-4757 | 12/22/15 at 8:22 AM |
| (866) 478-4757 | 12/22/15 at 9:59 AM |
| (866) 478-4757 | 12/23/15 at 8:32 AM |
| (866) 478-4757 | 12/23/15 at 10:18 AM |
| (866) 478-4757 | 12/24/15 at 8:34 AM |
| (866) 478-4757 | 12/26/15 at 8:54 AM |
| (866) 478-4757 | 12/26/15 at 3:31 PM |
| (866) 534-3755 | 12/28/15 at 10:45 AM |
| (866) 534-3755 | 12/29/15 at 10:45 AM |
| (866) 534-3755 | 12/30/15 at 8:36 AM |
| (866) 534-3755 | 12/30/15 at 10:28 AM |
| (866) 534-3755 | 12/31/15 at 8:32 AM |
| (866) 534-3755 | 01/02/16 at 10:37 AM |
| (866) 534-3755 | 01/03/16 at 2:38 PM |
| (866) 478-4765 | 01/04/16 at 12:16 PM |
| (866) 478-4765 | 01/05/16 at 8:22 AM |

| (866) 478-4765 | 01/05/16 at 10:10 AM |
|---|---|
| (866) 478-4765 | 01/06/16 at 9:02 AM |
| (866) 478-4765 | 01/06/16 at 10:54 AM |
| (866) 478-4765 | 01/07/16 at 8:46 AM |
| (866) 478-4765 | 01/07/16 at 10:48 AM |
| (866) 268-8605 | 01/08/16 at 7:58 AM |
| (866) 268-8605 | 01/08/16 at 10:06 AM |
| (866) 268-8605 | 01/09/16 at 7:16 AM |
| (866) 268-8605 | 01/10/16 at 11:27 AM |
| (866) 268-8605 | 01/11/16 at 9:14 AM |

2.      Defendant engaged in this campaign of harassment in an attempt to coerce payment of a consumer debt.  Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant Advanced Call Center Technologies, LLC. ("Defendant") in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an autodialer or an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").  Plaintiff further brings this action for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq*. (hereinafter, the "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts.

## **PARTIES**

3.      Plaintiff Luis Bravo is, and at all times mentioned herein was, a resident of San Jose, California and a citizen of the State of California.

4.      Defendant Advanced Call Center Technologies, LLC., is a Georgia corporation with its principal place of business in Berwyn, Pennsylvania.  Defendant is a specialized call center organization that provides sales support, account services, and debt collection services to its

1    corporate clients.  Plaintiff is informed and believes that the calls at issue here were made for the

2    purposes of collecting a consumer debt.

3                                              **JURISDICTION AND VENUE**

4             5.       This Court has subject matter jurisdiction over this action pursuant to the Class

5    Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28

6    U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

7    here: (a) there are 100 or more members in the proposed classes; (b) some members of the

8    proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed

9    class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28

10   U.S.C. § 1332(d)(2) and (6).

11            6.       This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331

12   because this action involves violations of federal statutes, the TCPA and the FDCPA.  This Court

13   has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

14            7.       This Court has personal jurisdiction over Defendant because it conducts substantial

15   business within California, such that Defendant has significant, continuous, and pervasive contacts

16   with the State of California.  Defendant is registered with the California Secretary of State to

17   conduct business within California.

18            8.       Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff resides here,

19   Defendant transacts significant business within this District, and a substantial part of the events

20   giving rise to Plaintiff's claims took place within this District.  Specifically, Defendant engages in

21   debt collection practices in this District, collects money from persons in this District pursuant to

22   such debt collection practices, and places telephone calls to persons residing in this District in

23   furtherance of its debt collection practices.  Venue is also proper under 28 U.S.C. § 1391(c)

24   because Defendant is subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.      The Telephone Consumer Protection Act Of 1991**

9.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10.      Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

11.      According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12.      The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.      Defendant's Robocalls to Plaintiff and Class Members**

13.      Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant.  Plaintiff has never consented in writing, or otherwise, to receive autodialed calls or prerecorded messages from Defendant to his cellphone.  Plaintiff has never provided Defendant with his telephone number.

14.      Defendant called Plaintiff's cellphone number using an autodialer and/or a prerecorded voice in violation of the TCPA from the following numbers: (866) 268-3371, (877) 617-4177, (866) 478-4757, (866) 534-3755, (866) 478-4765, and (866) 268-8605.  When Plaintiff picked up Defendant's phone calls, he would hear an automated message instructing him to stay on the line.  Most of the time, Plaintiff would simply hang up after hearing the automated message. At least one time, Plaintiff decided to stay on the line, but ended up hanging up because no live person connected after a reasonable amount of time.

15.     Indeed, on its website, Defendant prides itself in "engag[ing] … customers with **automated** voice … options"[1] (emphasis in original).

16.     None of Defendant's calls made to Plaintiff's cellphone were made for emergency purposes.

17.     Defendant did not provide Plaintiff with notice of debt due, including the amount of the purported debt or the name of the creditor to whom the debt is owed, within five days after the initial communication, as required under 15 U.S. Code § 1692g(a).

18.     Defendant's dozens of relentless calls made for the purposes of debt collection, some of which occurred prior to 8:00 a.m. in the morning, constitute harassing and abusive practices prohibited by the FDCPA and the Rosenthal Act, including but not limited to 15 U.S.C. § 1692d(5) and § 1692c(a) and Cal. Civ. Code § 1788.11(d) and (e).

19.     All telephone contact by Defendant to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

20.     There are numerous online consumer complaints from people, like Plaintiff, who received similar harassing robocalls and/or prerecorded messages without prior written consent at all hours of the day.  These consumer complaints also indicate that Defendant has a common practice of not giving consumers the notice of debt required by 15 U.S. Code § 1692g(a):

a.    "Constantly receiving calls at all hours of day and weekends";[2]

b.    "They call my cell phone every two hours starting at 8 am";[3]

c.    "I keep getting calls from these people on my cell.  They start at 8 am and call almost every hour.";[4]

d.    "I have a brand new [phone] I have had it for 2weeks maybe…since day 1 I have been [getting] 5+ calls from these people everyday.";[5]

---

[1] http://www.acttoday.com/act-difference/
[2] http://800notes.com/Phone.aspx/1-866-268-3371
[3] *Id.*
[4] *Id.*
[5] *Id.*

e. "This company calls me 5+ times a day including at 6:30am.  I understand that they are a debt collection agency, but they are in multiple violations of the fair debt collection act as I never received a letter from them stating they were attempting to collect a debt and they call before 8am without identifying themselves.";[6]

f. "12 calls with in 24 hrs";[7]

g. "They call here starting at 8:30 in the morning, never leave a message, all I hear is static. Stop calling!!!!!!";[8]

h. "9 CALLS I GOT FROM THIS NUMBER ON MONDAY MORNING.";[9]

i. "they have called me [as] many as 12 times in one day.";[10]

j. "They keep calling me and all there is, is static even when I pick up the phone";[11]

k. "these folks call 7-8 times a day starting around 8:00 am [and] ending around 10:00 pm when they leave a message its either 2 seconds of silence or 1 ½ minutes of static."[12]

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

22.     Plaintiff proposes the following "Robocall Class" definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

---

[6] http://800notes.com/Phone.aspx/1-877-617-4177
[7] http://800notes.com/Phone.aspx/1-866-478-4757
[8] *Id.*
[9] http://800notes.com/Phone.aspx/1-866-534-3755
[10] *Id.*
[11] http://800notes.com/Phone.aspx/1-866-478-4765
[12] *Id.*

23.     Collectively, all these persons will be referred to as the "Robocall Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Robocall Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

24.     Plaintiff also proposes the following "Autodialer Class" definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

25.     Collectively, all these persons will be referred to as the "Autodialer Class."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

26.     Plaintiff further proposes the following "FDCPA Notice Class" definition, subject to amendment as appropriate:

> All persons within the United States for whom Defendant did not provide the notice of debt required under 15 U.S. Code § 1692g(a) within 5 days after Defendant's initial communication with such person and where such initial communication occurred at any time in the period that begins one year before the date of filing this Complaint to the date that class notice is disseminated.

Collectively, all such persons will be referenced to as the "FDCPA Notice Class members." Plaintiff represents, and is a member of, this proposed class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

27.     Plaintiff further proposes the following "FDCPA Harassment Class" definition, subject to amendment as appropriate:

> All persons within the United States who received two or more debt collection phone calls from Defendant during the course of a twenty four hour period at any time in the period that begins one year before the date of filing this Complaint to the date that class notice is disseminated.

Collectively, all such persons will be referenced to as the "FDCPA Harassment Class members." Plaintiff represents, and is a member of, this proposed class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

28.     Plaintiff further proposes the following "FDCPA Curfew Violation Class" definition, subject to amendment as appropriate:

> All persons within the United States who received a debt collection phone call from Defendant before 8:00 a.m. or after 9:00 p.m. at such persons' local time at any time in the period that begins one year before the date of filing this Complaint to the date that class notice is disseminated.

Collectively, all such persons will be referenced to as the "FDCPA Curfew Violation Class members."  Plaintiff represents, and is a member of, this proposed class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

29.     Plaintiff further proposes the following "Rosenthal Act Notice Class" definition, subject to amendment as appropriate:

> All California residents for whom Defendant did not provide the notice of debt required under 15 U.S. Code § 1692g(a) within 5 days after Defendant's initial communication with such person and where such initial communication occurred at any time in the period that begins one year before the date of filing this Complaint to the date that class notice is disseminated.

Collectively, all such persons will be referenced to as the "Rosenthal Act Notice Class members." Plaintiff represents, and is a member of, this proposed class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and

employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

30.     Plaintiff further proposes the following Rosenthal Act Harassment Class definition, subject to amendment as appropriate:

> All California residents who received two or more debt collection phone calls from Defendant during the course of a twenty four hour period at any time in the period that begins one year before the date of filing this Complaint to the date that class notice is disseminated.

Collectively, all such persons will be referenced to as the "Rosenthal Act Harassment Class members." Plaintiff represents, and is a member of, this proposed class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

31.     Plaintiff further proposes the following "Rosenthal Act Curfew Violation Class" definition, subject to amendment as appropriate:

> All California residents who received a debt collection phone call from Defendant before 8:00 a.m. or after 9:00 p.m. at such persons' local time at any time in the period that begins one year before the date of filing this Complaint to the date that class notice is disseminated.

Collectively, all such persons will be referenced to as the "Rosenthal Act Curfew Violation Class members." Plaintiff represents, and is a member of, this proposed class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

32.     Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

33.     Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation,

nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

34.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The proposed classes can be identified easily through records maintained by Defendant.

35.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes.  Those common question of law and fact include, but are not limited to, the following:

   a.   Whether Defendant made telephone calls to class members using an autodialer without their prior express written consent;

   b.   Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

   c.   Whether Defendant provided class members with the notice of debt required 15 U.S. Code § 1692g(a) within 5 days after Defendant's initial communication;

   d.   Whether Defendant engaged in a common campaign of harassing debt collections practices;

   e.   Whether Defendant engaged in a common campaign of violating debt collection curfews set by the FDCPA and the Rosenthal Act;

   f.   Whether Defendant's conduct was knowing and/or willful;

   g.   Whether Defendant is liable for damages, and the amount of such damages, and

   h.   Whether Defendant should be enjoined from engaging in such conduct in the future.

36.     As a person who received numerous and repeated calls on his telephone using an autodialer and/or an artificial or prerecorded voice, without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes.  Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

37.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

38.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA, the FDCPA, and the Rosenthal Act.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violations of the TCPA, FDCPA, and the Rosenthal Act are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

39.     Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA, FDCPA, and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

40.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

41.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

43.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

44.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

45.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

46.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

47.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.     Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

49.     Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## THIRD COUNT
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. 1692, *et seq.*

50.     Plaintiff incorporates by reference the foregoing paragraph of this Complaint as if fully stated herein.

51.     Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including but not limited to 15 U.S.C. §§ 1692g(a), 1692d(5) and 1692c(a).

52.     As a result of Defendant's actions, Plaintiff and the classes are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq.*

**FOURTH COUNT**
**VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code 1788, *et seq.***

53.     Plaintiff incorporates by reference the foregoing paragraphs of his Complaint as if fully stated herein.

54.     The foregoing acts and omissions by Defendant in its illegal attempt to collect consumer debts constitute unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

55.     Defendant also violated Cal. Civ. Code 1788.17, which requires that Defendant comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq.*, in all of its collection efforts.

56.     Therefore, Plaintiff and the classes are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendant:

    a.   Injunctive relief prohibiting such violations of the TCPA, FDCPA, and the Rosenthal Act by Defendant in the future;

    b.   As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

1    c.  As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and

2    each member of the proposed classes $500.00 in statutory damages for each and

3    every call that violated the TCPA;

4    d.  An award of damages as permitted by the FDCPA and Rosenthal Act;

5    e.  An award of attorneys' fees and costs to counsel for Plaintiff and the proposed

6    classes;

7    f.  An order certifying this action to be a proper class action pursuant to Federal Rule

8    of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a

9    proper representative of the classes, and appointing the lawyers and law firm

10    representing Plaintiff as counsel for the classes;

11    g.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  February 11, 2016        Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  ___*/s/ Yeremey Krivoshey*___
        Yeremey Krivoshey

Scott A Bursor (State Bar No. 276006)
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Email: scott@bursor.com
      ltfisher@bursor.com
      apersinger@bursor.com
      ykrivoshey@bursor.com

*Attorneys for Plaintiff*